**LEI WEIQUM, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.***

No. 08–1212–ag.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Weiqum Lei, a native and citizen of the People's Republic of China, seeks review of a February 20, 2008 order of the BIA, affirming the June 19, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied Lei's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weiqum Lei,* No. A200 060 133 (B.I.A. Feb. 20, 2008), *aff'g* No. A200 060 133 (Immig. Ct. N.Y. City June 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible

---

* The Clerk of the Court is directed to amend   the official caption as set forth above.

and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," this Court reviews "both the BIA's and IJ's opinions—or more precisely, [the Court reviews] the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

We find that substantial evidence supports the agency's adverse credibility determination. First, the IJ correctly found that, while Lei testified that he read a book on Falun Gong, became a Falun Gong supporter, and wanted to introduce Falun Gong to others by selling Falun Gong books at his bookstore, he omitted this information from both his asylum application and his credible fear interview. When asked expressly during his credible fear interview why he sold books on Falun Gong, Lei stated merely that it was his "business to sell books" and failed to relate the story to which he testified during his hearing before the IJ. Lei's explanation for the omission, that he wrote in his asy-

lum application only about "the experience" and not "the plot of what happened," was reasonably rejected by the IJ. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ's adverse credibility determination also rested partly on the fact that, while Lei testified that he received medical treatment in China as a result of the injuries he allegedly sustained during his detention, both his asylum application and the letters he submitted from his father and wife omitted any information regarding medical treatment. Standing alone, this omission is not necessarily indicative of a lack of credibility. However, when considered cumulatively with the already noted inconsistency between his testimony and his asylum application and credible fear interview, the omission becomes more significant. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation and internal quotation marks omitted)). Based on the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination, and, accordingly, the agency's denial of Lei's asylum claim was proper. See 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin,* 534 F.3d at 167.

Because the only evidence of a threat to Lei's life or freedom depended upon his credibility, the adverse credibility determination as to his asylum claim necessarily precludes success on his claims for withholding of removal and CAT relief, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.